IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clara L. Brockington,<br><br>       Plaintiff,<br><br>  v.<br><br>Belk, Inc., Belk Corporate Office, Victor Zaldivar, Charles Stuckey, Lisa Morley,<br><br>       Defendants. | Case No. 4:25-cv-00300-SAL-TER<br><br>**ORDER** |

  Proceeding pro se, Clara L. Brockington ("Plaintiff") brings this action against Belk, Inc. ("Belk"), Belk Corporate Office, Victor Zaldivar, Charles Stuckey, and Lisa Morley. [ECF No. 1.] Defendants move to partially dismiss Plaintiff's complaint. [ECF No. 21.] Plaintiff opposes the motion. [ECF No. 31.]

  This matter is before the court on the report and recommendation ("Report") issued by United States Magistrate Judge Thomas E. Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Report recommends granting the motion to dismiss Plaintiff's claims against Stuckey and Morley, her federal discrimination claims against Zaldivar, and her "other law" claims against Belk, Inc. and Belk Corporate Office. [ECF No. 36 at 7.] The Report further recommends denying the motion as to Plaintiff's state law claim for assault against Zaldivar and her federal discrimination claims against Belk, Inc. and Belk Corporate Office. *Id.* Both parties object to the Report. [ECF No. 41, 43.] For the reasons below, the court adopts the Report and its ultimate recommendation.

1

## LEGAL STANDARDS

### I. Review of a Magistrate's Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id*. To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id*. (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its reasons for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id*. But "[i]n the absence of specific objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

### II. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.

*See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2011)). When considering a motion to dismiss, a court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss, as long as they are "integral to the complaint" and "authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). If the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. Still, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I.     The Report

The magistrate judge issued a thorough report and recommendation, recommending this court grant in part and deny in part Defendants' motion to dismiss. *See* ECF No. 36 at 7. The Report sets forth in detail the relevant facts and standards of law, and this court incorporates those facts and standards with only a brief synopsis of the same.

### A. Factual Background

Plaintiff, a former employee of Belk, filed this discrimination and wrongful termination action pro se on January 6, 2025. [ECF No. 1.] On the form complaint, she checked boxes indicating her claims were brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. ("ADEA"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, et seq. ("ADA"); other federal laws (unspecified); state law (unspecified); and city or county law (unspecified). [ECF No. 1-2 at 3, 5.]

Plaintiff alleges that while working at a Belk store in Florence, South Carolina, her co-worker, Morley, subjected her to racial and physical abuse. *Id.* She complained to Stuckey, an employee in the asset protection division, who relayed the complaint to Plaintiff's supervisor, Zaldivar. *Id*. Zaldivar then questioned Plaintiff about Morley's conduct. *Id.* During this meeting, Zaldivar also questioned her about a shoplifting incident after Stuckey falsely claimed she followed a customer into the parking lot after the customer left the store with a bag filled with jewelry. *Id.* at 3. Plaintiff further alleges Zaldivar engaged in sexually inappropriate conduct by licking his lips and rubbing his penis through his pants during this conversation. *Id.* at 2. Plaintiff then ran out of Zaldivar's office and hid in the restroom before returning to her register. *See id*.

Stuckey later approached Plaintiff and told her that Zaldivar requested she go back to his office to finish their conversation. *Id.* She refused and left work. *Id.* She also reported the incident to her family, the city police, and Belk's corporate office. *Id.* A human resources representative with Belk's corporate office permitted her to go home and seek medical and psychological treatment. *Id.* at 3. Plaintiff then went to the hospital and received treatment. *Id.* She alleges that she was later terminated for the shoplifting incident. *Id.*

4

Defendants moved to partially dismiss Plaintiff's claims on March 25, 2025. [ECF No. 21.] They argue Plaintiff's "other laws" claims are insufficiently pleaded, that federal discrimination statutes do not allow individual liability, and that Belk Corporate Office was not properly named in the EEOC charge. *Id*. at 4–7.

### B.    The Magistrate Judge's Recommendation

The Report recommends the court partially grant and partially deny Defendants' motion. [ECF. No. 36.] The magistrate judge concludes the "other law" claims should be dismissed for all Defendants except Zaldivar. *See id.* at 5. The judge reasons that, under the liberal construction afforded to pro se parties, Plaintiff sufficiently pleaded a state law assault claim against him. *See id.* (citing *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008)). *Id* at 5.

The Report also recommends dismissing Plaintiff's Federal Discrimination Claims against Zaldivar, Stuckey, and Morley because federal discrimination statutes do not permit individual liability. *Id.* at 5.

Finally, the magistrate judge concludes dismissing the Federal Discrimination Claims against Belk Corporate Office would be premature at this stage, reasoning that, while Defendants correctly assert a plaintiff can bring civil action under these statutes only against respondents named in the charge of discrimination, charges completed by lay persons "must be construed with utmost liberality[.]" *Id.* at 6–7 (quoting *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988) (internal citations omitted)). Here, Plaintiff listed "Belk" on her charge of discrimination, which the magistrate judge finds sufficient to name Belk Corporate Office at this stage. *See id*. at 6–7. As a result, the Report recommends denying Defendants' motion to dismiss the Federal Discrimination Claims asserted against Belk Corporate Office. *Id.* at 7.

### C.    Parties' Objections

Both parties filed objections to the Report. [ECF No. 41, 43.] Plaintiff, however, fails to object to any factual or legal conclusions in the Report. *See* ECF No. 43. Instead, she merely reiterates allegations already asserted. *See* ECF No. 1, 31. To the extent this triggers a de novo review, she fails to identify any claims against the named Defendants under any "other laws" except for the state law claim for assault against Zaldivar. Further, Plaintiff's Federal Discrimination Claims cannot be brought against the individual Defendants. *See e.g.*, *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("We . . . reiterate that supervisors are not liable in their individual capacities for Title VII violations."); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that . . . [an] employee, is not a proper defendant in this case."); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants . . . ."). Thus, Plaintiff's objections are overruled.

Defendants object only to one of the Report's conclusions. *See* ECF No 41. They argue the magistrate judge erred in concluding Plaintiff stated a claim for assault against Zaldivar because such claims are barred by the exclusivity provision in the South Carolina Workers' Compensation Act. *Id.* at 1. Defendants advance two theories for why this provision bars the assault claim. *See id*. First, Defendants argue Plaintiff's complaint fails to plead facts sufficient to place Zaldivar's conduct under the Act's intentional injury exception because her assault claim lacks the necessary specific or deliberate intent to injure. *Id*. at 3–4. Defendants then contend that, even if Zaldivar's conduct qualified for the intentional injury exception, Plaintiff's assault claim still fails as a matter of law because Zaldivar is not an alter-ego of Belk. *Id.*

1.      **Specific Intent to Injure**

Under South Carolina law, the South Carolina Workers' Compensation Act (the "Act") provides the exclusive remedy against an employer or co-worker for an employee's work-related accident. *Peay v. U.S. Silica Co.*, 437 S.E.2d 64, 66 (S.C. 1993); *see also Strickland v. Galloway*, 560 S.E.2d 448, 449 (S.C. Ct. App. 2002) ("The immunity is conferred not only on the direct employer, but also on co-employees."). This exclusivity provision thus bars an employee from maintaining a tort action against an employer or co-worker when the employee's injury results from a work-related accident. *Peay*, 437 S.E.2d at 65. This immunity, however, does not cover injuries inflicted by a co-worker who acts with "a deliberate or specific intent to injure" the employee. *Id.* at 65–66. Therefore, a plaintiff's tort claims against a co-worker defendant survive dismissal if the plaintiff "allege[s] facts sufficient to demonstrate [the defendant] acted with a deliberate or specific intent to injure." *See Sibert v. Raycom Media, Inc.*, No. 3:17-CV-1544-CMC, 2017 WL 3721238 (D.S.C. Aug. 29, 2017) (dismissing a tort claim against an employer when the employee failed to plead facts demonstrating the requisite intent to injure).

Defendants correctly note a cause of action for assault does not include an element of intent. *See Mellen v. Lane*, 659 S.E.2d 236, 244 (Ct. App. 2008) ("The elements of assault are: (1) conduct of the defendant which places the plaintiff (2) in reasonable fear of bodily harm."). Yet Plaintiff's assault claim may still qualify for the Act's intentional injury exception. In fact, South Carolina courts have held intentional assault falls within the exception. *Stewart v. McLellan's Stores Co.*, 9 S.E.2d 35, 37 (1940); *see also Dickert v. Metro. Life Ins. Co.*, 428 S.E.2d 700, 702 (1993), *as modified on reh'g* (Apr. 7, 1993) (finding the Act's exclusivity provision did not bar the employee's assault claim). Therefore, Plaintiff's assault claim is not subject to dismissal if she has pled facts sufficient to demonstrate Zaldivar specifically or deliberately intended for his assault to injure

Plaintiff. *See Sibert*, 2017 WL 3721238 at *6. Given the liberal construction afforded pro se complaints, this court finds Plaintiff's factual allegations sufficient. Thus, Defendants' first theory fails to convince this court that the Act bars Plaintiff's assault claim against Zaldivar.

### 2. Alter Ego

Defendants' second theory also fails because the alter ego inquiry is relevant only if Plaintiff is seeking to hold Belk liable for Zaldivar's conduct.[1] *See Repasky*, 2013 WL 3946230, at *4 n.1 ("The alter ego analysis is only concerned with the scope of the employer's liability"); *see also Dickert*, 428 S.E.2d at 702 ("[I]t is against public policy to extend [the Act's] immunity to the co-employee who commits an intentional tortious act upon another employee."). Here, the assault claim is against Zaldivar individually. Thus, the alter ego analysis does not bar the claim. The court overrules Defendants' sole objection to the Report and adopts the recommendations in full.

### CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court adopts the report and recommendation of the magistrate judge. Defendants' motion to dismiss, ECF No. 21, is **GRANTED** as to all Plaintiff's claims against Stuckey and Morley, Plaintiff's Federal Discrimination Claims against Zaldivar and Plaintiff's "other law" claims against Belk, Inc. and Belk Corporate Office. Defendants' motion is **DENIED**

---

[1] Defendants rely on cases from this court that indicate the intentional injury exception only applies to employees who constitute alter egos of the employer. *See* ECF No 41 at 4. Those decisions, however, do not accurately reflect South Carolina's treatment of the intentional injury exception. The South Carolina Supreme Court in *Dickert* makes clear that employment cannot shield an employee from liability for intentionally tortious conduct. *Dickert*, 428 S.E.2d at 702. An employee is not afforded license to intentionally injure another as an incident of employment. *Repasky v. Pfizer, Inc.*, No. 2:12-CV-3331-RMG, 2013 WL 3946230, at *4 n.1 (D.S.C. July 31, 2013). Thus, the alter-ego analysis concerns only whether the employer may be held liable for an employee's intentional tort, not whether the employee may be held liable for his own.

as to Plaintiff's state law claim for assault against Zaldivar and her Federal Discrimination Claims against Belk, Inc. and Belk Corporate Office.

**IT IS SO ORDERED.**

December 1, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge